# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:13CV658 |
| PATRICK LLOYD MCCRORY, in his official capacity as Governor of North Carolina, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, et al., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:13CV660 |
| THE STATE OF NORTH CAROLINA, et al., | ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:13CV861 |
| THE STATE OF NORTH CAROLINA, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

These cases come before the Court following a hearing held on February 21, 2014, regarding various discovery disputes and motions. The present Order addresses Plaintiffs'

Motion to Compel [Doc. #58] and Defendants' Motion for Protective Order [Doc. #73], as well as the issues raised in association with those Motions.[1]

This matter presently involves three consolidated cases. In the first case (1:13CV658), the North Carolina State Conference of the NAACP and other individuals and churches (collectively, "the NAACP Plaintiffs") challenge portions of recent North Carolina state legislation ("House Bill 589") pursuant to the federal Voting Rights Act, 42 U.S.C. § 1973, and pursuant to the Fourteenth and Fifteenth Amendments to the Constitution. In the second case (1:13CV660), the League of Women Voters of North Carolina and other individuals and groups (collectively, "the League Plaintiffs") raise similar challenges under the Voting Rights Act, 42 U.S.C. § 1973 and § 1973a, and under the Fourteenth Amendment. Finally, in the third case (1:13CV861), the United States of America, represented by the U.S. Department of Justice, ("the U.S. DOJ Plaintiff") also raises similar challenges pursuant to the Voting Rights Act, 42 U.S.C. § 1973. In all three cases, the claims are asserted against the State of North Carolina, the members or director of the State Board of Elections, and/or North Carolina Governor McCrory (collectively, "the Defendants").

On January 24, 2014, the NAACP Plaintiffs and the League Plaintiffs filed a Motion to Compel, which came before the Court at the hearing on February 21, 2014. The Motion relates to four categories of documents: (1) production of electronic discovery and other document production that Defendants contend is unduly burdensome; (2) production of certain databases; (3) production of documents created prior to 2013; and (4) production of documents created

---

[1] The parties' pending disputes regarding the assertion of legislative immunity or privilege will be addressed separately.

after August 12, 2013, when House Bill 589 was enacted. For the reasons set out during the hearing, the Motion will be granted in part and denied in part.

The first category of documents, which is primarily electronic discovery, is also the subject of Defendants' Motion for Protective Order. In that Motion for Protective Order, and in response to Plaintiffs' Motion to Compel, Defendants raise concerns of burdensomeness given the volume of potential discovery involved. At the Court's direction, the parties have now submitted a Joint Proposal for reviewing and producing documents, including electronic discovery, that addresses and resolves those issues. Therefore, the Motion for Protective Order and the Motion to Compel as to the first category of documents will be denied as moot in light of the Joint Proposal. The provisions of that agreement are set out below, with any remaining issues resolved as set out.

With regard to the second category of documents covered by the Motion to Compel, related to the state databases, the Court notes that the parties agree that the databases have now been provided as agreed. To the extent future disputes or issues may arise, the parties will attempt to resolve those issues as provided in the Local Rules and the Joint Proposal set out below. Therefore, the Motion to Compel will be denied as moot as to the databases.

With respect to the third category of documents, that is, documents created prior to 2013, Defendants agreed during the hearing that they were not withholding any responsive documents created prior to 2013. To the extent originally asserted as an objection, Defendants have agreed that they will produce responsive documents dated prior to 2013, notwithstanding the objection, to the extent that they have responsive, non-privileged documents in their

possession. Defendants did note that some initial searches, particularly electronic searches, included a date restriction that limited the search to documents created after January 1, 2013, in order to address concerns regarding volume. The parties agreed to address this issue as part of their ongoing management of electronic discovery, with burdensomeness issues addressed consistent with the parties' agreement set out below. In light of Defendants' representations and the parties' resolution of this issue, the Motion to Compel is denied as moot as to the third category of documents.

Finally, with respect to the fourth category of documents, that is, documents created after August 12, 2013, Defendants have objected to production of these documents on two grounds: first, Defendants contend that the documents are not relevant to any claim raised in this case; and second, Defendants contend that production of these documents on an ongoing, rolling basis would be unduly burdensome to Defendants. With respect to the question of relevance, Defendants contend that Plaintiffs' constitutional claims raise only a "facial" challenge to House Bill 589, rather than an "as applied" challenge. Defendants contend that as to such a "facial" challenge, any evidence related to implementation of the legislation after its enactment is irrelevant. Defendants further contend that Plaintiffs' claims under Section 2 of the Voting Rights Act challenge House Bill 589 only as to its "purpose" rather than its "results." For their part, Plaintiffs contend that they bring both "facial" and "as applied" constitutional challenges, and that their Voting Rights Act claims challenge House Bill 589 both as to "purpose" and "results." The Court has considered these contentions, and as noted during the hearing on February 21, 2014, even under Defendants' construction of the claims, it appears that

documents created after August 12, 2013, are potentially relevant and responsive.  Cf. Favors v. Cuomo, No. 11CV5632 (E.D.N.Y. Aug. 27, 2013) (noting that "Rule 26 imposes no temporal limitation on discovery" and "it is the relevance of the information contained in the requested documents -- not the timing of events in relation to their creation -- that determines discoverability."); Baldus v. Members of Wis. Gov't Accountability Bd., No. 11-CV0562, 2013 WL 690496 (E.D. Wis. Feb. 25, 2013) (noting that there was not "any logic to an argument that items post-dating the passage of Acts 43 and 44 would necessarily lack relevance").  Therefore, as noted at the hearing, the Court cannot conclude that all documents created after August 12, 2013, are categorically irrelevant as Defendants contend.  Moreover, to the extent that the parties disagree regarding the nature of Plaintiffs' claims, the Court concludes that those disagreements relate to underlying, substantive issues regarding the nature and scope of the claims that may be raised under the Voting Rights Act and under the Constitution.  Those issues are better resolved on the merits, not as part of this discovery dispute.  Therefore, the Court finds that in the circumstances, good cause exists under Federal Rule of Civil Procedure 26(b)(1) to allow discovery on matters relevant to the subject matter of this suit with respect to the application, implementation, or effects of the challenged legislation, in order to avoid unnecessary discovery disputes on this issue and avoid premature resolution of the substantive dispute regarding the nature and scope of claims asserted.  Any further contentions regarding the scope of the claims asserted or the ultimate admissibility or relevance of any particular category or piece of evidence can be resolved as part of the motion for preliminary injunction, motion for summary judgment, or at trial, as appropriate.  Finally, to the extent Defendants raise issues of burdensomeness,

those issues are addressed by the parties' Joint Proposal, which is set out below. Therefore, Plaintiffs' Motion to Compel is granted to the extent documents created after August 12, 2013, are subject to evaluation for responsiveness and privilege, and production if appropriate, but any further obligation to search for or produce such documents will be only as required by the Joint Proposal adopted and set out below.

In light of this resolution of these discovery disputes, the Court has considered the Joint Submission of the parties filed after the hearing, and the Court adopts and incorporates the parties' Joint Proposal as set out below in order to address Plaintiffs' need for prompt production of relevant discovery and Defendants' concerns regarding potential undue burden in light of the volume and scope of discovery involved. Resolution of any remaining disputes is reflected as set out:

1. **Hard Copy Materials**

    (a)  **Office of the Governor and Department of Transportation**

         (i)  Defendants will produce all responsive, non-privileged hard copy materials from the Office of the Governor and the Department of Transportation by 10 March 2014.

         (ii)  Defendants will prepare by 18 March 2014 a privilege log, consistent with the requirements of ¶¶ 31–33A of the Revised Consent Order Regarding Discovery of Documents and Electronically Stored Information entered 17 January 2014 ("Revised Consent Order"), for all responsive hard copy materials for which a privilege is asserted and a privilege log is required.[2]

---

[2]  The Court has selected dates for production of privilege logs one week after a production is made in order to allow adequate time for completion of the privilege logs, with the expectation that this allows sufficient time for the privilege logs to be detailed and complete.

(b)     **State Board of Elections**

(i)     Defendants will complete the production of all responsive, non-privileged hard copy materials from the State Board of Elections by 17 March 2014.

(ii)    Defendants will prepare by 24 March 2014 a privilege log, consistent with the requirements of ¶¶ 31–33A of the Revised Consent Order, for all responsive hard copy materials for which a privilege is asserted and a privilege log is required.

2.     **Emails and Other Electronic Records**

(a)     **Office of the Governor and Department of Transportation**

(i)     Defendants will review all electronic records collected from the Office of the Governor and from the Department of Transportation, and will begin producing all responsive, non-privileged, emails and other electronic records by 10 March 2014 with such production to be complete by 17 March 2014.

(ii)    Defendants will prepare by 24 March 2014 a privilege log, consistent with the requirements of ¶¶ 31–33A of the Revised Consent Order, for all responsive emails and other electronic records for which a privilege is asserted and a privilege log is required.

(b)     **State Board of Elections**

(i)     Defendants will, consistent with the provisions of ¶¶ 34–38 of the Revised Consent Order and the Protective Order entered 3 January 2014, and without waiving any privilege or immunity, including but not limited to attorney-client privilege, work product protection, legislative privilege or legislative immunity or relevancy objections, provide Plaintiffs' counsel by 28 February 2014 with all emails and other electronic records collected from the State Board of Elections pursuant to the search terms agreed upon by the parties and not encompassed within ¶¶ II(b)(ii) and (iii) below for Plaintiffs' review (hereinafter, "Defendants' Initial SBOE Review Set"). Pursuant to Federal Rule of Evidence 502(d), the Court orders that the privilege or protection is not waived by disclosure under this provision.

(1)     Such review shall be for attorneys' eyes only, and reviewing attorneys may not share either the emails or other electronic records reviewed or the contents of emails or other electronic records reviewed in the Defendants' Initial SBOE Review Set with any Plaintiff or with anyone else other than counsel for Plaintiffs.

-7-

(2)     Plaintiffs' counsel will identify for Defendants and for production all emails and other electronic records from the Defendants' Initial SBOE Review Set they believe to be responsive to their discovery requests, including those that they may intend to use as evidence at trial, in any preliminary hearing, in a deposition, or in any other way. Upon notification of Plaintiffs' identification of responsive materials, the first of which will occur no earlier than 7 March 2014 Defendants shall have five business days to identify any of those emails or other electronic records that they may believe are not responsive or protected by the attorney-client privilege, the work product doctrine or legislative privilege or immunity (subject to the Court's ruling on that issue).  If Plaintiffs identify more than 3,000 emails or other electronic records, at any one time, Defendants will be afforded one extra day for every 1,000 documents in excess of the 3,000 to make the identification described above.  In the event Defendants identify such materials as non-responsive or privileged, Plaintiffs shall designate such documents to which they agree are either non-responsive or privileged in the database and exclude them from the production set. For documents over which Defendants' designations of responsiveness or privilege are disputed, the parties shall hold a meet and confer and come to a resolution over such documents.  All other documents identified by Plaintiffs as responsive shall be produced for use in the litigation, according to the terms of the Protective Order.

(3)     For all documents identified by Defendants as privileged from the Defendants' Initial SBOE Review Set and for which the assertion of privilege is not disputed by Plaintiffs, Defendants shall prepare within 7 calendar days from the date they are so designated a privilege log, to the extent a privilege log is required, consistent with the requirements of ¶¶ 31–33A of the Revised Consent Order.

(4)     Plaintiffs' counsel will be and are prohibited from disclosing in any way to any person, including Plaintiffs, the contents of any emails or other electronic record not identified to Defendants and reviewed by Defendants and released by Defendants as responsive and not privileged. For any email or other electronic record for which a privilege or protection is asserted, Plaintiffs' counsel will be and are prohibited from disclosing in any way to any person, including Plaintiffs, the contents of any such email or other electronic record unless and until the asserted privilege has been withdrawn or the Court has overruled the assertion of the privilege.

(5)     All electronic records deemed not responsive by Plaintiffs should be destroyed within 14 days of the completion of the Plaintiffs' review of Defendants' Initial SBOE Review Set.  Plaintiffs have 14

calendar days after the completion of Plaintiffs' review of Defendants'
Initial SBOE Review Set to certify to Defendants that all such documents
were destroyed in accordance with the terms of this Agreement.

(ii)    <u>Communications With Attorneys:</u>  Defendants will review all
electronic records collected from the Defendants' Initial SBOE Review Set that
were sent by or to, whether as primary recipient or "cc" recipient, counsel
assisting with the litigation and will produce all responsive, non-privileged,
electronic records by 24  March 2014. Defendants will also prepare by <u>31 March
2014</u> a privilege log, consistent with the requirements of ¶¶ 31–33A of the
Revised Consent Order, for all responsive emails or other electronic records for
which a privilege is asserted and a privilege log is required.

(iii)    <u>Communications With Legislators</u>: With respect to review of
electronic records collected from the State Board of Elections  that were sent by
or to, whether as primary recipient or "cc" recipient, a member of the North
Carolina General Assembly or any staff for a member of the North Carolina
General Assembly, <u>all such records may be excluded from the Initial SBOE
Review Set, and Defendants must review such records and hold all responsive,
non-privileged electronic records for production, subject to the Court's ruling on
Defendants' Motion to Quash and Plaintiff League of Women Voters' Motion to
Compel. Defendants will also prepare a privilege log, if required by the Court,
consistent with the requirements of ¶¶ 31–33A of the Revised Consent Order, for
all responsive emails or other electronic records required to be produced and for
which a privilege is asserted and a privilege log is required.</u>

3.    **Interim Updated Productions**

(a)    Defendants will conduct one more email search of the SBOE custodians'
emails, using the same search terms, with a start date that was the last date in the
Defendants' Initial SBOE Review Set and ending on April 1, 2014 ("Defendants' First
Supplemental SBOE Review Set").  Defendants will make Defendants' First
Supplemental SBOE Review Set available to Plaintiffs to review for responsiveness in
the same manner as they did for Defendants' Initial SBOE Review Set.

(b)    Defendants will also continue to collect and produce the following
specific categories of SBOE hard copy and/or electronic documents on a rolling basis,
every three weeks starting Friday, March 7, 2014 through May 2, 2014:

(i)    SBOE Meeting Agendas and Minutes

(ii)    County BOE early voting aggregate hour waiver applications

(iii)    Any materials which the SBOE considers or relies upon in
granting/denying early voting aggregate hour waiver applications

(iv)      Any and all numbered memos sent from the SBOE to CBOEs

(v)      Any educational materials relating to any challenged provision in HB 589 that are produced by the State Board of Elections.

4.      **Resolution of Discovery Disputes**

(a)      The parties shall raise any dispute as to the administration/implementation of the procedures described above, or otherwise as to the conduct of discovery in the first instance amongst themselves (consistent with the Local Rules of this Court). Counsel for either party shall respond to any discovery-related question or request posed by another party within 24 hours, even if that response is only to acknowledge the question or request and to advise that a substantive response requires an inquiry to a specific entity or individual and that entity or individual requires an additional 24 hours to respond.

(b)      In the event that parties are unable to resolve any disputes regarding documents withheld on the basis of privilege, the parties shall participate in a meet-and-confer discussion to be scheduled within two business days of the identification of the dispute as to the document(s), and then any remaining issues as to such documents will be raised with the Court on a weekly basis for resolution by *in camera* review, subject to the case management procedures of this Court and the Court's Supplemental Protective Order entered on January 3, 2014. <u>If disputes are raised, the Court will consider at that time when and how to address those issues.</u>

At the hearing on February 21, 2014, the Court also responded to the parties' requests for additional guidance regarding any future motions for preliminary injunction. As noted during the hearing, the parties should, to the extent possible, include with their preliminary injunction motions any evidence they seek to rely upon, so that all of the information is presented to the Court as part of the written motions and briefing. When the motions for preliminary injunction are filed, Plaintiffs may also jointly file a request for a hearing on the motions for preliminary injunction, setting out in detail the evidence they wish to present and the anticipated time needed for each witness and for the entire hearing. When Defendants respond to Plaintiffs' preliminary injunction motion, Defendants may also respond to any

-10-

requests for hearing. If a hearing is held, the Court tentatively anticipates that it will be scheduled to begin at some point during the week of July 7, 2014, or July 14, 2014.

Plaintiffs are directed to confer and to attempt to reach an agreement with respect to whether a single, joint motion for preliminary injunction can be submitted. In addition, all of the Plaintiffs and Defendants should confer regarding preliminary injunction briefing, so that proposals can be submitted to the Court, jointly if possible, with respect to the structure of briefing, responses, and page limit extensions or allocation. Such proposals should be submitted, if possible, by April 7, 2014, to allow sufficient time for review of the proposals by the Court prior to the parties' preparation and submission of motions and briefing.

Finally, as noted during the hearing, for any other pretrial motions or requests, the parties should confer with one another and confirm each party's position on the motion or request prior to filing. The summary of each party's position should be circulated for confirmation at least 24 hours prior to any filing, and the summary of each party's position should be included in the motion or request. This requirement is designed to ensure that the parties understand one another's position on pretrial requests, as well as to encourage joint submissions of requests to the extent possible, and to allow for clear identification of the issues that remain for further resolution by the Court.

IT IS THEREFORE ORDERED that the Motion to Compel filed on January 24, 2014, is GRANTED IN PART to the extent that documents created after August 12, 2013, are subject to review and production as set out above.

IT IS FURTHER ORDERED that the parties' Joint Agreement is adopted as set out above, that the Motion to Compel filed January 24, 2014, is otherwise DENIED AS MOOT, that the Motion for Protective Order filed February 17, 2014, is likewise DENIED AS MOOT; that the Motion for Expedited Briefing on the Motion for Protective Order is DENIED AS MOOT; and that the parties are to proceed as set out above with respect to future pretrial motions.

The Court concludes that in light of this resolution and the positions of the parties, no award of fees or expenses is appropriate or just in the circumstances, and therefore no fees or expenses in making the motions will be assessed or apportioned.

This, the 3rd day of March, 2014.


_____/s/ Joi Elizabeth Peake_____
United States Magistrate Judge