IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CASE NO. 1:13-CV-658

| | | |
|---|---|---|
| NORTH CAROLINA STATE CONFERENCE OF THE NAACP, EMMANUEL BAPTIST CHURCH, BETHEL A. BAPTIST CHURCH, COVENANT PRESBYTERIAN CHURCH, CLINTON TABERNACLE AME ZION CHURCH, BARBEE'S CHAPEL MISSIONARY BAPTIST CHURCH, INC., ROSANELL EATON, ARMENTA EATON, CAROLYN COLEMAN, BAHEEYAH MADANY, JOCELYN FERGUSON-KJELLY, FAITH JACKSON, MARY PERRY, and TERESEA UNGER PALMER,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICK LLOYD MCCRORY, in his official capacity as the Governor of North Carolina, KIM WESTBROOK STRACH, in her official capacity as Executive Director of the North Carolina State Board of Elections, JOSHUA B. HOWARD, in his official capacity as Chairman of the North Carolina State Board of Elections, RHONDA K. AMOROSO, in her official capacity as Secretary of the North Carolina State Board of Elections, JOSHUA D. MALCOLM, in his official capacity as a member of the North Carolina State Board of Elections, PAUL J. FOLEY, in his official capacity as member of the North Carolina State Board of Elections and MAJA KRICKER, in her official capacity as a member of the North Carolina State Board of Elections,<br><br>Defendants. | ) | **DEFENDANTS' ANSWER TO THIRD AMENDED AND SUPPLEMENTAL COMPLAINT** |

Defendants answer plaintiffs' Third Amended and Supplemental Complaint as follows:

## FIRST DEFENSE

Defendants answer the specific allegations of plaintiffs' Third Amended and Supplemental Complaint:

## "INTRODUCTION"

1. Defendants are without knowledge or information sufficient to form a belief about the truth of allegations related to plaintiffs' intentions for bringing this lawsuit. In all other respects, defendants deny the allegations of paragraph 1.

2. Defendants admit that the decision in *Shelby County v. Holder*, speaks for itself. In all other respects, defendants deny the allegations of paragraph 2.

3. Defendants admit that *Shelby County* speaks for itself. In all other respects, defendants deny the allegations of paragraph 3.

4. Defendants deny that prior to *Shelby County*, 41 North Carolina counties were covered jurisdictions pursuant to Section 5 of the Voting Rights Act. In all other respects, defendants are without knowledge or information sufficient to form a belief about the allegations of paragraph 4.

5. Defendants admit that H.B. 589 was ratified on July 26, 2013, signed by Governor McCrory on August 12, 2013, is designated as Session Law 2013–381, and that the enacted legislation speaks for itself. In all other respects, defendants deny the allegations of paragraph 5.

6. Defendants are without knowledge or information sufficient to form a belief about the truth of allegations concerning what any unidentified person may have said. In all other respects, defendants deny the allegations of paragraph 6.

7. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that the challenged legislation speaks for itself. In all other respects, defendants deny the allegations of paragraph 7.

8. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that the challenged legislation speaks for itself and that the race and ethnicity of persons registered as voters and the races and ethnicities of individuals who have actually voted are matters of public record and speak for themselves. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. In all other respects, defendants deny the allegations of paragraph 8.

9. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that the challenged legislation speaks for itself. In all other respects, defendants deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants admit that plaintiffs are seeking the relief described from the Court. In all other respects, defendants deny the allegations of paragraph 13.

**"JURISDICTION & VENUE"**

14. Defendants admit the cited statutes speak for themselves and that the Court has the authority to enter declaratory and injunctive relief. In all other respects, defendants deny the allegations of paragraph 14.

15. Defendants admit that the Court has personal jurisdiction over the defendants in their official capacities and that defendants work and reside in North Carolina. In all other respects, defendants deny the allegations of paragraph 15.

16. Defendants consent to venue in this judicial district. In all other respects, defendants deny allegations of paragraph 16.

17. Defendants admit that the cited statutes speak for themselves and that the Court has the authority to grant declaratory and injunctive relief. In all other respects, defendants deny the allegations of paragraph 17.

**"THE PARTIES"**

18. Defendants admit that plaintiff North Carolina State Conference of the NAACP ("North Carolina NAACP") is an organization, that its headquarters are in Durham, North Carolina, that it is led by the Rev. Dr. William Barber, and that Durham is located within this judicial district. Defendants deny that the NAACP or its members will be impacted or harmed by the enacted legislation, and that 41 counties in North Carolina were previously covered by Section 5of the Voting Rights Act. In all other

respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18.

19. Upon information and belief, defendants admit that the NAACP's membership includes African Americans and Latinos. Otherwise, defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants are without knowledge or information sufficient to form a belief about the truth of allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief about the truth of allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants are without knowledge or information sufficient to form a belief about the truth of allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

27. Defendants deny that plaintiff Rosanell Eaton has been or will be harmed by the enacted legislation. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27.

28. Defendants deny that plaintiff Armenta Eaton has been or will be harmed by the enacted legislation. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28.

29. Defendants deny that plaintiff Carolyn Coleman has been or will be harmed by the enacted legislation. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29.

30. Defendants deny that plaintiff Jocelyn Andreka Ferguson-Kelly has been or will be harmed by the enacted legislation. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30.

31. Defendants deny that plaintiff Faith Jackson has been or will be harmed by the enacted legislation. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31.

32. Defendants deny that plaintiff Mary Perry has been or will be harmed by the enacted legislation. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32.

33. Defendants deny that plaintiff Maria Teresa Unger Palmer has been or will be harmed by the enacted legislation. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33.

34–39. Defendants deny that plaintiffs John Doe 1, 2, or 3 or Jane Doe 1, 2, or 3 will be harmed by the enacted legislation. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraphs 34–39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants admit that defendant McCrory is the Governor of North Carolina, that he has been sued in his official capacity, and that his duties and responsibilities are established under the North Carolina Constitution and Statutes enacted by the General Assembly, and that the laws of the State of North Carolina speak for themselves. In all other respects, defendants deny the allegations of paragraph 41.

42. Defendants admit that defendant Strach is the Executive Director of the North Carolina State Board of Elections ("NCSBE"), that her duties and responsibilities are established by statutes enacted by the General Assembly and by the United States Congress, that those statutes speak for themselves, that she also has duties delegated to her by the NCSBE and that she has been sued in her official capacity. In all other respects, defendants deny the allegations of paragraph 42.

43-47. Defendants admit that defendants Howard, Amoroso, Malcolm, Baker and Kricker are members of the NCSBE, that their duties and responsibilities are established by statutes enacted by the General Assembly and by the United States Congress, that these statutes speak for themselves, that they have been sued in their official capacities, and that the locations of their personal residences are legally irrelevant with regard to their official capacities. In all other respects, defendants deny the allegations of paragraphs 43–47.

## "FACTUAL BACKGROUND"

### "I. <u>North Carolina's History of Discriminatory Voting Practices</u>"

48. Defendants admit that the decisions of the federal courts speak for themselves. In all other respects, defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 48.

49. Defendants admit that the decision in *Thornburg v. Gingles*, 478 U.S. 30 (1985), speaks for itself. In all other respects, defendants deny the allegations of paragraph 49.

50. Defendants admit that 40 North Carolina counties were covered jurisdictions under Section 4(b) of the Voting Rights Act, that voting changes related to those 40 counties were subject to preclearance pursuant to Section 5 of the Voting Rights Act, and that changes were in fact submitted for preclearance. In all other respects, defendants deny the allegations of paragraph 50.

51. Defendants admit that the race and ethnicity of persons registered as voters and the races and ethnicities of individuals who have actually voted is a matter of public record and speaks for itself. In all other respects, defendants deny the allegations of paragraph 51.

52. Defendants admit that the race and ethnicity of persons registered as voters and the races and ethnicities of individuals who have actually voted is a matter of public record and speaks for itself. In all other respects, defendants deny the allegations of paragraph 52.

53. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 53.

54. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 54.

**"II. <u>The Statutory History of H.B. 589</u>"**

55. Defendants admit that H.B. 589 was introduced on April 4, 2013, that the original bill and amendments speak for themselves, that the bill was passed by the House on April 24, 2013, and that the bill was received by the Senate on April 25, 2013. In all other respects, defendants deny the allegations of paragraph 55.

56. Defendants admit that on June 25, 2013, the United States Supreme Court issued its decision in *Shelby County v. Holder* and that the decision speaks for itself. Defendants also admit that Section 4 of the Voting Rights Act speaks for itself. In all other respects, defendants deny the allegations of paragraph 56.

57. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that the challenged legislation speaks for itself, that WRAL.com published a story that includes quotes attributed to Senator Apodaca, and that the story speaks for itself. In all other respects, defendants deny the allegations of paragraph 57.

58. Defendants admit that on or about July 23, 2013, H.B. 589 was amended by action of the North Carolina Senate and that the amendments speak for themselves. In all other respects, defendants deny the allegations of paragraph 58.

59. Defendants admit that the amendments to H.B. 589 made in the North Carolina Senate speak for themselves. In all other respects, defendants deny the allegations of paragraph 59.

60. Defendants admit that the legislative record, the timing of amendments and final passage of the enacted legislation, and the date of signature by Governor McCrory

are a matter of public record and speak for themselves. In all other respects, defendants deny the allegations of paragraph 60.

61. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that comments made by persons opposed to H.B. 589, including some persons aligned with the plaintiffs, during public hearings or committee hearings, are a matter of public record. In all other respects, defendants deny the allegations of paragraph 61.

62. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that comments made by persons opposed to H.B. 589, including some persons aligned with the plaintiffs, during public hearings or committee hearings, are a matter of public record. In all other respects, defendants deny the allegations of paragraph 62.

63. Defendants admit that comments by persons who supported enactment of voter identification requirements made during public hearings or committee hearings speak for themselves. In all other respects, defendants deny the allegations of paragraph 63.

64. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that comments made by persons opposed to H.B. 589, including some persons aligned with the plaintiffs, during public hearings or committee hearings, are a

matter of public record. In all other respects, defendants deny the allegations of paragraph 64.

65. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that comments made by persons who supported enactment of voter identification requirements during public hearings or committee hearings are a matter of public record. In all other respects, defendants deny the allegations of paragraph 65.

66. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that statements or information presented during committee hearings and floor debates speak for themselves. In all other respects, defendants deny the allegations of paragraph 66.

67. Defendants admit that votes cast by members of the General Assembly on amendments to the bill, committee reports, readings of the bill or concurrence with the bill may be matters of public record which speak for themselves and that the Attorney General's letter to Governor McCrory speaks for itself. In all other respects, defendants deny the allegations of paragraph 67.

68. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that non-privileged, public statements by members of the General Assembly made during public hearings, committee meetings, or on the floor of either chamber speak for themselves and are a matter of public record and that reports issued by

the NCSBE speak for themselves and are a matter of public record. In all other respects, defendants deny the allegations of paragraph 68.

69. Defendants admit that reports issued by the NCSBE speak for themselves and are a matter of public record and that the General Assembly had reports of the NCSBE, as well as other information, before it when it enacted the challenged legislation. In all other respects, defendants deny the allegations of paragraph 69.

70. Defendants admit that reports issued by the NCSBE speak for themselves and are a matter of public record. In all other respects, defendants deny the allegations of paragraph 70.

71. Defendants admit that non-privileged, public statements by members of the General Assembly during public hearings, committee meetings, or on the floor of either chamber speak for themselves and are a matter of public record. It is further admitted that Speaker Thom Tillis made the statement quoted, as part of a larger statement. In all other respects, defendants deny the allegations of paragraph 71.

72. Defendants admit that the provisions of H.B. 589 speak for themselves. In all other respects, defendants deny the allegations of paragraph 72.

73. Defendants admit that the NCSBE used various means to educate voters about the requirements of H.B. 589. In all other respects, defendants deny the allegations of paragraph 73.

74. Defendants admit that H.B. 836 speaks for itself and that its legislative history is a matter of public record. In all other respects, defendants deny the allegations of paragraph 74.

75. Defendants admit that H.B. 836 speaks for itself and that its legislative history is a matter of public record. In all other respects, defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

**"III. The Challenged Provision of H.B. 589"**

78. Defendants deny the allegations of paragraph 78.

**"A. Voter Identification Requirements"**

79. Defendants admit that the requirements for registering to vote in North Carolina are governed by statutes enacted by the General Assembly which speak for themselves. In all other respects, defendants deny the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

81. Defendants admit that the provisions of the enacted legislation speak for themselves. In all other respects, defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

83. The allegations of this paragraph are argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that reports issued by the NCSBE comparing registration lists to DMV data speak for themselves. In all other respects, defendants deny the allegations of paragraph 83.

84. The allegations of this paragraph include argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, deny the allegations of paragraph 84.

85. Defendants deny the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86.

87. Defendants admit that the provisions of H.B. 836 speak for themselves. In all other respects, defendants deny the allegations of paragraph 87.

88. Defendants admit that the provisions of H.B. 836 speak for themselves. In all other respects, defendants deny the allegations of paragraph 88.

89. Defendants deny the allegations of paragraph 89.

90. Defendants deny the allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

92. Defendants deny the allegations of paragraph 92.

93. Defendants admit that the provisions of the enacted legislation speak for themselves and that the number, race and ethnicity of voters who have cast absentee ballots is a matter of public record. In all other respects, defendants deny the allegations of paragraph 93.

94. Defendants deny the allegations of paragraph 94.

**"B. Registration"**

95. Defendants admit that before H.B. 589 was passed, and beginning in 2007, the General Statutes prescribed a process for in-person registration and voting at one-stop

sites and that this statutory process speaks for itself. In all other respects, defendants deny the allegations of paragraph 95.

96. Defendants admit that before H.B. 589 was passed, and beginning in 2010, the General Statutes prescribed a process by which North Carolina residents between the ages of 16 and 18 were permitted to pre-register to vote at public high schools, driver license offices and certain other public agencies, and that this statutory process speaks for itself. In all other respects, defendants deny the allegations of paragraph 96.

97. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number, race and ethnicity of voters who engaged in same-day registration or used "one-stop" voting to update their registration are a matter of public record. In all other respects, defendants deny the allegations of paragraph 97.

98. Defendants admit the races and ethnicities of voters who cast ballots using same-day registration in the 2012 general election is a matter of public record and speaks for itself. In all other respects, defendants deny the allegations of paragraph 98.

99. Defendants admit the races and ethnicities of voters who cast ballots using same-day registration in the 2012 general election is a matter of public record and speaks for itself. In all other respects, defendants deny the allegations of paragraph 99.

100. Defendants admit that census data on the population of North Carolina speaks for itself. In all other respects, defendants deny the allegations of paragraph 100.

101. Defendants admit that the enacted H.B. 589 repealed all of G.S. 163-82.6A other than subsection (e). In all other respects, defendants deny the allegations of paragraph 101.

**"C. Early-voting"**

102. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that prior to the enacted legislation challenged by plaintiffs, county boards of election were given the discretion to schedule "one-stop" absentee voting sites and hours that each site would be opened on a total of seventeen days including three Saturdays and two Sundays. In all other respects, defendants deny the allegations of paragraph 102.

103. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number of voters who engaged in one-stop absentee voting for the 2012 general election is a matter of public record. In all other respects, defendants deny the allegations of paragraph 103.

104. The allegations of this paragraph include argument or legal or conclusory allegations to which no response is required. To the extent a response is required, defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the number, race and

ethnicity of voters who engaged in one-stop absentee voting is a matter of public record. In all other respects, defendants deny the allegations of paragraph 104.

105. Defendants are without knowledge or information sufficient to form a belief about plaintiffs' definition of "early voting," a term that is neither a term of art nor a term defined in North Carolina's election statutes. Defendants admit that the terms for one-stop absentee and mail-in absentee voting established by the enacted legislation speak for themselves, and that one-stop absentee voting can now be scheduled for two Saturdays and one Sunday before the election, and that one-stop absentee voting cannot extend past 1:00 P.M. on the last Saturday before an election. In all other respects, defendants deny the allegations of paragraph 105.

106. The allegations of this paragraph include argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants deny the allegations of paragraph 106.

107. Defendants admit that a memorandum prepared in May 2011 by the former Executive Director of the NCSBE speaks for itself. In all other respects, defendants deny the allegations of paragraph 107.

**"D. Other Measures Restricting The Right To Vote"**

108. Defendants deny the allegations of paragraph 108.

109. Defendants admit that H.B. 589 and prior elections law speaks for itself. In all other respects, defendants deny the allegations of paragraph 109.

110. Defendants admit that the cited legislation speaks for itself. In all other respects, defendants deny the allegations of paragraph 110.

111. The allegations of this paragraph include argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that the terms of the enacted legislation relating to out-of-precinct voting speak for themselves and that the number, race and ethnicity of voters who voted ballots marked by local precinct officials as out-of-precinct ballots is a matter of public record. In all other respects, defendants deny the allegations of paragraph 111.

112. Defendants admit that the provisions related to poll observers and voter challenges in the enacted legislation speak for themselves. In all other respects, defendants deny the allegations of paragraph 112.

113. Defendants admit that a memorandum issued by the former Executive Director of the NCSBE speaks for itself. In all other respect, defendants deny the allegations of paragraph 113.

114. Defendants deny the allegations of paragraph 114.

**"E. Cumulative Impact of Challenged Provisions"**

115. Defendants deny the allegations of paragraph 115.

## "CLAIMS FOR RELIEF"

### "Count I – Section 2 of The Voting Rights Act"
### "(42 U.S.C. § 1973)"

116. Defendants reallege and incorporate their answers to paragraphs 1–115.

117. Defendants deny the allegations of paragraph 117.

118. Defendants deny the allegations of paragraph 118.

119. Defendants deny the allegations of paragraph 119.

120. Defendants deny the allegations of paragraph 120.

121. The allegations of this paragraph include argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants deny the allegations of paragraph 121.

122. The allegations of this paragraph include argument or legal or conclusory allegations to which no response is required. To the extent that a response is required, defendants admit that information in the legislative record speaks for itself. In all other respects, defendants deny the allegations of paragraph 122.

123. Defendants deny the allegations of paragraph 123.

124. Defendants deny the allegations of paragraph 124.

125. Defendants deny the allegations of paragraph 125.

126. Defendants admit that case decisions by federal and state courts in cases involving voting rights issues speak for themselves. In all other respects, defendants deny the allegations of paragraph 126.

127. Defendants admit that case decisions by federal and state courts in cases involving voting rights issues speak for themselves. In all other respects, defendants deny the allegations of paragraph 127.

128. Defendants admit that case decisions by federal and state courts in cases involving voting rights issues speak for themselves. In all other respects, defendants deny the allegations of paragraph 128.

129. Defendants admit that case decisions by federal and state courts in cases involving voting rights issues speak for themselves. In all other respects, defendants deny the allegations of paragraph 129.

130. Defendants admit that case decisions by federal and state courts in cases involving voting rights issues speak for themselves. In all other respects, defendants deny the allegations of paragraph 130.

131. The allegations of this paragraph are argumentative or conclusory allegations to which no response is required. To the extent a response is required, defendants are without knowledge or information sufficient to form a belief regarding the truth of the allegations of paragraph 131.

132. Defendants are without knowledge of information sufficient to form a belief about the truth of the allegations made in the first sentence of paragraph 132. In all other respects, defendants deny the allegations of paragraph 132.

133. Defendants deny the allegations of paragraph 133.

**"Count II – Violation of the Fourteenth Amendment and 42 U.S.C. § 1983"**

134. Defendants reallege and incorporate their answers to paragraphs 1–133.

135. Defendants deny the allegations of paragraph 135.

136. Defendants deny the allegations of paragraph 136.

137. Defendants admit that the information in the legislative records speaks for itself. In all other respects, defendants deny the allegations of paragraph 137.

138. Defendants deny the allegations of paragraph 138.

139. Defendants deny the allegations of paragraph 139.

140. Defendants deny the allegations of paragraph 140.

141. Defendants deny the allegations of paragraph 141.

142. Defendants deny the allegations of paragraph 142.

143. Defendants admit that paragraph 143 includes a legal conclusion to which no response is required. In all other respects, defendants deny the allegations of paragraph 143.

144. Defendants deny the allegations of paragraph 144.

145. Defendants deny the allegations of paragraph 145.

**"Count III – Violation of the Fifteenth Amendment and 42 U.S.C. § 1983"**

146. Defendants reallege and incorporate their responses to paragraphs 1-145.

147. Defendants deny the allegations of paragraph 147.

148. Defendants deny the allegations of paragraph 148.

149. Defendants deny the allegations of paragraph 149.

150. Defendants deny the allegations of paragraph 150.

151. Defendants deny the allegations of paragraph 151.

152. Defendants deny the allegations of paragraph 152.

153. Defendants deny the allegations of paragraph 153.

154. Defendants deny the allegations of paragraph 154.

155. Defendants deny the allegations of paragraph 155.

## SECOND DEFENSE

Any allegations in paragraphs 1-155 of the complaint not specifically admitted are denied.

## THIRD DEFENSE

Plaintiffs' complaint, in whole or in part, fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

## FOURTH DEFENSE

On August 13, 2013, the case of *Currie, et al. v. State of North Carolina, et al.*, No. 13-CV-1419, was filed in Orange County, North Carolina Superior Court. This complaint challenges those portions of the enacted HB 589 that deal with voter identification under the State Constitution. Because resolution of this case may moot or modify the federal issues in this case, the Court should abstain from considering plaintiffs' federal claims regarding voter identification pending resolution of the State case.

## FIFTH DEFENSE

John Doe 1, 2, and 3 and Jane Doe 1, 2, and 3 should be dismissed from the case until such time as their identities are disclosed because defendants cannot investigate whether anonymous plaintiffs have standing. There is no valid reason for concealing this information from the defendants, the Court, or the general public.

## SIXTH DEFENSE

Emmanuel Baptist Church, Covenant Presbyterian Church, and Barbee's Chapel Missionary Baptist Church, Inc., should be dismissed for lack of standing.

## SEVENTH DEFENSE

Plaintiffs' claims challenging the Voter Photo ID Requirement in HB 589, as amended by HB 836 are moot, or are not ripe.

WHEREFORE, defendants move the Court:

1. that plaintiffs' complaint be dismissed with prejudice and that judgment be entered for the defendants on all claims;

2. that defendants be awarded their attorneys' fees and costs; and

3. that defendants be awarded such other and further relief as the Court may deem just and proper.

This the 20th day of November, 2015.

NORTH CAROLINA DEPARTMENT OF JUSTICE

By: /s/ Alexander McC. Peters
Alexander McC. Peters
Senior Deputy Attorney General
N.C. State Bar No. 13654
apeters@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
Telephone: (919) 716-6900
Facsimile: (919) 716-6763

*Counsel for Defendants Kim Westbrook Strach, Joshua B. Howard, Rhonda K. Amoroso, Joshua D. Malcolm, James Baker, and Maja Kricker*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Thomas A. Farr
Thomas A. Farr
N.C. State Bar No. 10871
Phillip J. Strach
N.C. State Bar No. 29456
thomas.farr@ogletreedeakins.com
phil.stach@ogletreedeakins.com
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 787-9700
Facsimile: (919) 783-9412

*Co-counsel for Defendants Kim Westbrook Strach, Joshua B. Howard, Rhonda K. Amoroso, Joshua D. Malcolm, James Baker, and Maja Kricker*

BOWERS LAW OFFICE LLC

By: /s/ Karl S. Bowers, Jr.
Karl S. Bowers, Jr.*
Federal Bar #7716
P.O. Box 50549
Columbia, SC 29250
Telephone: (803) 260-4124
E-mail: butch@butchbowers.com
*appearing pursuant to Local Rule 83.1(d)

*Counsel for Defendant Governor Patrick L. McCrory*

By: /s/ Robert C. Stephens
Robert C. Stephens (State Bar #4150)
General Counsel
Office of the Governor of North Carolina
20301 Mail Service Center
Raleigh, North Carolina 27699
Telephone: (919) 814-2027
Facsimile: (919) 733-2120
E-mail: bob.stephens@nc.gov

*Counsel for Defendant Governor Patrick L. McCrory*

## CERTIFICATE OF SERVICE

I, Thomas A. Farr, hereby certify that I have this day electronically filed the foregoing **ANSWER TO THIRD AMENDED AND SUPPLEMENTAL COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Penda D. Hair
Edward A. Hailes, Jr.
Denise D. Liberman
Donita Judge
Caitlin Swain
ADVANCEMENT PROJECT
Suite 850
1220 L Street, N.W.
Washington, DC 20005
phair@advancementproject.com

Irving Joyner
P.O. Box 374
Cary, NC 27512
ijoyner@nccu.edu

Adam Stein
TIN FULTON WALKER & OWEN
312 West Franklin Street
Chapel Hill, NC 27516
astein@tinfulton.com

Thomas D. Yannucci
Daniel T. Donovan
Susan M. Davies
K. Winn Allen
Uzoma Nkwonta
Kim Knudson
Anne Dechter
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
tyannucci@kirkland.com

This, the 20th day of November, 2015.

/s/ Thomas A. Farr
Thomas A. Farr

23051530.1