```
                                          FILED: June 7, 2016

              UNITED STATES COURT OF APPEALS
                  FOR THE FOURTH CIRCUIT
                  _____

                       No. 16-1468(L)
                  (1:13-cv-00658-TDS-JEP)
                  _____
```

NORTH CAROLINA STATE CONFERENCE OF THE NAACP; ROSANELL EATON; EMMANUEL BAPTIST CHURCH; BETHEL A. BAPTIST CHURCH; COVENANT PRESBYTERIAN CHURCH; BARBEE'S CHAPEL MISSIONARY BAPTIST CHURCH, INC.; ARMENTA EATON; CAROLYN COLEMAN; JOCELYN FERGUSON-KELLY; FAITH JACKSON; MARY PERRY; MARIA TERESA UNGER PALMER

   Plaintiffs - Appellants

and

JOHN DOE 1; JANE DOE 1; JOHN DOE 2; JANE DOE 2; JOHN DOE 3; JANE DOE 3; NEW OXLEY HILL BAPTIST CHURCH; CLINTON TABERNACLE AME ZION CHURCH; BAHEEYAH MADANY

   Plaintiffs

v.

PATRICK L. MCCRORY, in his official capacity as Governor of the state of North Carolina; KIM WESTBROOK STRACH, in her official capacity as a member of the State Board of Elections; JOSHUA B. HOWARD, in his official capacity as a member of the State Board of Elections; RHONDA K. AMOROSO, in her official capacity as a member of the State Board of Elections; JOSHUA D. MALCOLM, in his official capacity as a member of the State Board of Elections; PAUL J. FOLEY, in his official capacity as a member of the State Board of Elections; MAJA KRICKER, in her official capacity as a member of the State Board of Elections; JAMES BAKER, in his official capacity as a member of the North Carolina State Board of Elections

   Defendants – Appellees

---

No. 16-1469
(1:13-cv-00660-TDS-JEP)

---

LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA; NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE; UNIFOUR ONESTOP COLLABORATIVE; COMMON CAUSE NORTH CAROLINA; GOLDIE WELLS; KAY BRANDON; OCTAVIA RAINEY; SARA STOHLER; HUGH STOHLER

    Plaintiffs

CHARLES M. GRAY; ASGOD BARRANTES; MARY-WREN RITCHIE Intervenors/Plaintiffs and LOUIS M. DUKE; JOSUE E. BERDUO; NANCY J. LUND; BRIAN M. MILLER; BECKY HURLEY MOCK; LYNNE M. WALTER; EBONY N. WEST

    Intervenors/Plaintiffs - Appellants

v.

STATE OF NORTH CAROLINA; JOSHUA B. HOWARD, in his official capacity as a member of the State Board of Elections; RHONDA K. AMOROSO, in her official capacity as a member of the State Board of Elections; JOSHUA D. MALCOLM, in his official capacity as a member of the State Board of Elections; PAUL J. FOLEY, in his official capacity as a member of the State Board of Elections; MAJA KRICKER, in her official capacity as a member of the State Board of Elections; PATRICK L. MCCRORY, in his official capacity as Governor of the state of North Carolina

    Defendants - Appellees

---

No. 16-1474
(1:13-cv-00660-TDS-JEP)

---

LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA; NORTH CAROLINA A. PHILIP RANDOLPH INSTITUTE; UNIFOUR ONESTOP COLLABORATIVE; COMMON CAUSE NORTH CAROLINA; GOLDIE WELLS; KAY BRANDON; OCTAVIA RAINEY; SARA STOHLER; HUGH STOHLER

2

Plaintiffs - Appellants

and

LOUIS M. DUKE; CHARLES M. GRAY; ASGOD BARRANTES; JOSUE E. BERDUO; BRIAN M. MILLER; NANCY J. LUND; BECKY HURLEY MOCK; MARY-WREN RITCHIE; LYNNE M. WALTER; EBONY N. WEST

Intervenors/Plaintiffs

v.

STATE OF NORTH CAROLINA; JOSHUA B. HOWARD, in his official capacity as a member of the State Board of Elections; RHONDA K. AMOROSO, in her official capacity as a member of the State Board of Elections; JOSHUA D. MALCOLM, in his official capacity as a member of the State Board of Elections; PAUL J. FOLEY, in his official capacity as a member of the State Board of Elections; MAJA KRICKER, in her official capacity as a member of the State Board of Elections; PATRICK L. MCCRORY, in his official capacity as Governor of the state of North Carolina

Defendants - Appellees

O R D E R

Upon consideration of Appellants' motion for stay pending appeal, the Court extends the existing stay ordered by the district court until further order of this Court. The Court recognizes the importance of ensuring each person's right to vote and the State's right to preserve the integrity of the election process. See Purcell v. Gonzalez, 549 U.S. 1 (2006). Accordingly, at oral argument the parties should be prepared to inform the Court of the timeline of implementing or dismantling electoral procedures and the rationale for that timeline, i.e.,

the time required to either implement or dismantle each voting mechanism.

                                                        For the Court

                                      /s/ Patricia S. Connor, Clerk